CABLE V. CABLE *et al.*

**Executor:** ACTION TO COMPEL TO QUALIFY OR RENOUNCE: ACCOUNTING FOR PROPERTY. One claiming to be an heir of the testator sought in this action an order summoning a person named in the will as executrix to appear and qualify within a prescribed time, or that she be deemed to have surrendered the appointment, and that she be required to file an inventory. *Held* that the order was properly denied, because if, as the petition alleges, she failed to qualify, as provided by law, there was a vacancy which the court would fill upon proper application; and if she had any of the property of the estate without having qualified as executrix, she should account for it to the personal representative, and not to the court.

*Appeal from Des Moines District Court.*—HON. CHARLES J. PHELPS, Judge.

FILED, DECEMBER 18, 1888.

THE facts are stated in the opinion.

*T. J. Trulock*, for appellant.

*La Monte Cowles*, for appellee.

SEEVERS, C. J.—It is stated in the petition that Jonathan Cable made and executed his last will and testament, which was duly admitted to probate. The testator devised all his property to his widow, Sarah B. Cable, to be used, controlled, and disposed of as she deemed best, and she was appointed sole executrix, without bonds. Mrs. Cable qualified as such executrix, and departed this life prior to the commencement of this action. The will further provides that after the death of the testator's widow his two daughters, Sarah E. and Mary Jane, should administer upon the estate. Then followed a provision under which the appellant claims

he is entitled to a share of or interest in such estate. The petition states that the defendant Sarah E., "appointed by her father executrix of said will, has not renounced the same, and has hitherto neglected to take the oath prescribed by law, * * * notwithstanding more than ten days have elapsed since the will was admitted to probate." It is further stated that "all the personal property, books, papers, contracts and money * * * belonging to said estate are in possession of the defendants." It is further stated that the widow of Jonathan Cable never elected to take under the provisions of the will, but elected to take "the interest in said real estate allowed by law, and as provided by law." The relief asked is that Sarah E. Cable be summoned to appear and qualify as executrix within a time prescribed by the court, or that she be deemed to have surrendered the appointment made under said will, and "that they and each of them be required to file in this court an inventory of the property left by Jonathan Cable." There was a demurrer to the petition, which was sustained, and the plaintiff appeals.

We have some doubt whether we understand the object of this action, but it seems to us that such object must be to compel the defendants, or one of them, to accept and qualify as an executor or renounce the same in some formal manner. This whole subject is regulated by statute, or, if not, there is no provision of the statute under which any person can be compelled to act as an executor; and under the allegations of the petition it clearly appears that the persons named in the will as executors have declined to accept the executorship, or, if this is not the proper construction of the petition, then we think it must follow, under the allegations of the petition, that the defendants or neither of them have qualified as executors, as required by law. This being true, they are not executors, and the court has no power or authority to require them to file an inventory at the instance of the plaintiff. If they have property belonging to the estate, they must account therefor, to the

personal representative; that is, either to an executor or administrator. If, as stated in the petition, the defendants or one of them have failed to qualify as executor, as provided by law, then a vacancy has occurred, and upon proper application to the court no doubt an executor or administrator will be appointed. We think the court rightly held that the plaintiff is not entitled to the relief asked.

AFFIRMED.